Opinion of the Court.
Hornero wer, C. J.
The further supplement to the “act abolishing imprisonment for debt in certain cases,” which was passed on the 28th February, 1840, has no application to this case. That supplement simply provides, that any person arrested and imprisoned “ upon a writ of attachment for not performing an award, shall be entitled to all the benefits and privileges of” the several insolvent laws of this state, “in the same manner as if he had been arrested and committed on process of execution.” Whatever may have been the object of that statute; whether it was only intended to give to persons on attachments for contempt for not performing an award, an opportunity of applying for and getting a discharge as insolvent debtors from imprisonment, on account of debts, in the same manner in which other debtors may be discharged; or whether it is to go further, and discharge him from imprisonment for his contempt of the court in refusing to perforin an award, whether such award required the payment of money only, or the doing of some other thing, it is not now necessary to decide. Nor is it necessary to say at this time, whether a discharge of the defendant under the insolvent laws, will protect him from imprisonment, for noncompliance with the consent rule in this case. In the case of McClure v. Gulick, 2 Harr. 340, and in The State v. Gulick, Id. 435, reference is made to some authorities, more or less affecting this question ; and which may hereafter claim the attention of the court; but I am of opinion that wo ought not to refuse the attachment, merely because the defendant produces here his certificate of discharge as an insolvent debtor. That may have been fairly obtained, and yet the defendant may now be abundantly able to pay the costs of this suit. When he is brought in upon the attachment, he will have an opportunity of clearing himself of the contempt. If unable to pay, the court can then determine how far it will exempt him from the operation of the attachment. Let an attachment issue.